IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-39,846-03






EX PARTE LEE CORNELIUS MURRAY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W-49243-01-B IN THE 181ST DISTRICT COURT


FROM POTTER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to seventy years' imprisonment, to be served consecutively with
Applicant's sentence upon revocation of parole for an earlier burglary conviction. The Seventh
Court of Appeals affirmed his conviction. Murray v. State, No. 07-04-0440-CR (Tex. App. -
Amarillo, September 19, 2005, no pet.) 

 Applicant contends that the trial court's order stacking this seventy-year sentence on his
earlier sentence for burglary was improper, because his parole was never revoked for the earlier
conviction. Applicant has alleged facts that, if true, might entitle him to relief. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's parole in cause number
8649 from the 46th Judicial District Court of Wilbarger County was ever revoked, and if so, when.
If Applicant's parole in that cause has not been revoked, the court shall make findings as to how
TDCJ is calculating the sentence begin date for this Potter County conviction, and how it is
calculating Applicant's maximum discharge date. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within one hundred and twenty days of the date of this order. Any
extensions of time shall be obtained from this Court. 



Filed: September 20, 2006

Do not publish